**Byron L. SMITH and Opal Smith, Plaintiffs-Appellants,**

v.

**The FIRESTONE TIRE & RUBBER COMPANY and The Budd Company, Defendants-Appellees.**

**No. 84–1005.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1984.

Decided Feb. 20, 1985.

130

John C. Niemeyer and Michael L. Noland of Foliart, Mills & Niemeyer, Linda G. Alexander of Linda G. Alexander, P.C., Oklahoma City, Okl., for defendant-appellee The Firestone Tire & Rubber Co.

Thomas J. Wheatley, Thomas P. Schult, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., Frank S. Perkin, Jr., The Budd Co., Troy, Mich., for defendant-appellee The Budd Co.

Danny L. Curtis, Randy W. James, Risjord & Curtis, P.C., Joseph W. Amick, Ponick, Amick & Allen, Kansas City, Mo., for plaintiffs-appellants.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

ROSS, Circuit Judge.

Byron and Opal Smith appeal from an adverse jury verdict in this exploding tire rim case. For reversal, appellants argue that the district court erred in making certain evidentiary rulings and in failing to give a duty to recall instruction. For the reasons discussed below, we affirm the judgment of the district court.[1]

## I. Facts

This action arises from an accident which occurred on October 31, 1977. Appellant Byron Smith was employed by the City of Independence, Missouri, and was working as a mechanic at the city's Central Garage. On the day of the accident Smith placed a tire mounted on a multi-piece truck rim known as the RH5° on a city truck. The tire had been mounted on the rim by Malone Tire Service with whom the city had a contract for tire repair and maintenance services. While Smith was checking the air pressure on the tire he had placed on the truck, the multi-piece rim separated causing severe injuries to his face, head and leg.

Smith and his wife brought this diversity action for personal injury and loss of services against appellees, The Firestone Tire & Rubber Company and The Budd Company, the manufacturers of the RH5° multi-piece truck rim. Appellants claimed the rim was negligently and defectively designed and sold by appellees. Appellees denied any defect in design and alleged that the rim in question was rusted, corroded and worn to the extent that it should not have been assembled or placed in service. The case was tried to a jury which rendered a verdict in favor of the appellees. Appellants sought a new trial on various grounds but the trial court denied the motion for a new trial. Appellants then filed this timely appeal.

## II. Evidentiary Rulings

### A. Admission of Out-of-Court Statement

During the direct examination of Clifford Crossley, the manager of the city garage where appellant worked, an out-of-court statement attributed to Barney Malone, the owner of Malone Tire Service, was admitted over appellants' hearsay objection. Initially Crossley was asked what Malone told him on the day of the accident and his answer was interrupted by counsel's objection. The trial court ruled that if Malone made some admission against his own interest it was admissible because it had probative value and was an exception to the hearsay rule. Then in response to a question asking what Malone did "in reference to that accident happening, if anything[,]" Crossley testified "[h]e came down and looked at the wheel and things and said he was sorry it happened, and he had fired the guy that did it."

On appeal, appellants contend that the admission of Malone's statement was reversible error warranting a new trial. Appellants argue that the statement was improperly admitted as a statement against interest under Rule 804(b)(3),[2] because there was no showing that Malone was unavailable. Further appellants maintain the statement had a prejudicial impact on the jury because it re-enforced the appel-

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2. Rule 804(b)(3) provides in relevant part:

   **(b) Hearsay exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

   \* \* \* \* \* \*

   **(3) Statement against interest.** A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

lees' defense that the cause of the accident was due to Malone Tire Service.

Appellees assert that appellants have not preserved the objection on unavailability grounds, having only objected at trial on general hearsay grounds. Appellees contend that the admission of the statement has not been shown to have been prejudicial to the appellants because it was cumulative of other evidence in the trial establishing facts tending to inculpate Malone. Lastly appellees argue that the statement was not hearsay because it was not offered to prove the truth of the matter asserted or, in the alternative, that it was an excited utterance or state of mind exception to the hearsay rule.

■ Assuming for purposes of this opinion only that Crossley's testimony of Malone's out-of-court statement was hearsay,[3] and not properly admissible under Rule 804(b)(3) because there was no showing that Malone was unavailable, we find that the admission was, at most, harmless error.

We have reviewed the record and determine that Malone's out-of-court statement was cumulative of matters shown by other admissible testimony. Crossley had already testified that he thought the cause of the accident was "poor workmanship" on the part of Malone Tire Service. During cross-examination, appellants' witness Robert Pratt, the shop foreman at the Central Garage, testified to the deteriorated condition of the wheel, that it should not have been used, and that he was unhappy with Malone's work. Appellant Byron Smith testified that the rim parts involved in the accident had scaly rust on them and that he had complained to his supervisor about the job Malone was doing. Ronald Delong, a Malone employee, testified that young Malone was "acting like he didn't care" and that after the accident he never saw him again at Malone Tire Service.

■ Thus the belief that Malone Tire Service was at fault for mounting an unserviceable rim that caused the accident rather than a design defect was inferable by the jury from the other admissible evidence presented at trial. Improper admission of evidence which is cumulative of matters shown by admissible evidence is harmless error. *Shell v. Missouri Pacific Railroad Co.*, 684 F.2d 537, 542 (8th Cir.1982); *Brown v. Cedar Rapids and Iowa City Railway Co.*, 650 F.2d 159, 163 (8th Cir. 1981); and *Koppinger v. Cullen-Schiltz & Associates*, 513 F.2d 901, 907 (8th Cir.1975). Under the circumstances of this case, the admission of the hearsay statement does not constitute the sort of prejudicial error affecting substantial rights that warrants reversal. FED.R.CIV.P. 61; *See* FED.R. EVID. 103(a). No prejudice has been demonstrated by the admission of the challenged statement which attested to matters not unknown to the jury. *Shell, supra,* 684 F.2d at 542, and *Koppinger, supra,* 513 F.2d at 907.

## B. Admission of OSHA Standards

■ Next appellants contend that the trial court erred when it admitted into evidence, over appellants' objections, two Occupational Safety and Health Administration (OSHA) standards relating to the servicing of multi-piece and single piece rim wheels. As part of its defense Firestone offered into evidence OSHA Regulation "Servicing Multi-Piece Rim Wheels," 29 C.F.R. § 1910.177 (1980) (exhibit 10) and a proposed amendment to the OSHA Regulation "Servicing of Multi-Piece and Single Piece Rim Wheels" (exhibit 22). Both exhibits related to the servicing of rim wheels and directed employers to establish training programs for all tire servicing employees. Appellants argue that the two exhibits were irrelevant because neither were in effect at the time of the accident and nei-

---

**3.** It is arguable that the statement was not hearsay because it was not offered to prove that Malone was sorry or that he fired the person who assembled the tire rim in question, but rather the words were offered as an implied declaration of fault. However, if hearsay is taken to include evidence offered to show a belief held by someone not presently testifying, and the statement is offered to show the truth of the matter believed, then Malone's statement is within the definition of hearsay. FED.R.EVID. 801(c).

ther governed the conduct of Smith or his employer. Appellants also maintain that exhibit 22 which pertained to single piece rim wheels was particularly irrelevant in this case involving a multi-piece rim.

Appellees submit that the OSHA standards were relevant because they were offered to rebut appellants' contentions that appellees had failed to warn, to rebut appellants' punitive damage allegations, and to rebut appellants' argument that single piece rim wheels were a safe design alternative to the multi-piece rim.

■ A review of the record and of the exhibits themselves supports appellees' position that the standards were relevant to refute appellants' contentions regarding appellees' pre-accident failure to warn of the product's hazards. Exhibit 10 states " * * * petitions for the promulgation of a standard relating to the servicing of multi-piece rim wheels were submitted to OSHA in 1976 by * * * Firestone Tire and Rubber Company." Also relevant to appellees' duty to warn was the issue of whether a warning label should have been affixed to the product itself. Exhibit 10 reflects OSHA's judgment that "[i]n light of the technical and practical problems" no warning labels would be required in the 1980 standard. Another of appellants' theories was that the single piece rim wheel was a safe alternative to the product in question. We have little trouble in seeing the relevancy of exhibit 22 which was a proposed amendment to the OSHA standard which added requirements for the safe servicing of the single piece rim wheels. OSHA determined that the likelihood of accidents and injuries when servicing single piece rim wheels was comparable to that which existed for the servicing of multi-piece rim wheels before the OSHA servicing standard, and that fact was pertinent to the issue of a safe design alternative. Questions of relevancy are committed to the broad discretion of the trial court, *United States v. Taylor,* 562 F.2d 572, 575 (8th Cir.), *cert. denied,* 434 U.S. 988, 98 S.Ct. 620, 54 L.Ed.2d 484 (1977), and under the particular facts of this case we see no

reason to overturn the trial court's assessment of relevancy with respect to the OSHA standards.

Appellants also argue that even if the standards were relevant, the trial court erred in admitting them because their prejudice substantially outweighed their probative value. Appellants submit that the admission of the standards diverted the jury's attention to a false issue of who had the duty to warn and instruct as to the hazards of this product. For this argument, appellants rely chiefly on *Murphy v. L & J Press Corp.,* 558 F.2d 407 (8th Cir.1977), *modified on other grounds,* 577 F.2d 27 (8th Cir.), *cert. denied,* 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.2d 772 (1978), a personal injury action brought against the manufacturer of a punch press by an operator who lost four fingers in the machine. In *Murphy,* the trial judge admitted two standards that placed the duty to guard on the purchaser or user of the machine, permitted defense counsel to argue the issue of who had the duty to guard at closing argument and complied with a jury request late in its deliberations to peruse the two documents. In reversing the defendant's verdict and remanding for a new trial, the appellate court adopted the view that the jury was unduly influenced by the standards. *Id.* at 412.

Appellees contest appellants' allegations of prejudice and support the trial judge's determination that the probative value of the standards outweighed their potential prejudice. Appellees reject the argument that a false issue was presented to the jury in this case by pointing out that neither exhibit was introduced in an attempt to absolve the appellees from liability by transferring the burden of producing a safe product from the manufacturer to the employer. Appellees contend this case is unlike *Murphy* and is more properly governed by *Johnson v. Niagara Machine & Tool Works,* 666 F.2d 1223 (8th Cir.1981). In *Johnson* this court held that OSHA regulations were relevant to the issue of alleged negligence of a nonparty employer because Minnesota's comparative negli-

gence statute permitted a jury to consider the negligence of a nonparty. *Id.* at 1226.

We disagree with appellants' position that the admission of exhibits 10 and 22 warrants the reversal of the jury's verdict against them. Appellants have not succeeded in showing that this jury was unduly influenced or improperly directed to decide the wrong issue. Absent from this case is the combination of prejudicial events present in *Murphy.* There was no provision in the standards which shifted the responsibility from the manufacturers to the employers to design a safe product. The exhibits were not given unfair and misleading emphasis during closing arguments, nor did the jury request and receive the exhibits in question during their deliberations. Further, at the time the standards were admitted and portions read to the jury, the trial court cautioned the jury that exhibit 10 was not binding on the jury as to whether a warning should have been given and how the warning should have been given; that it was a decision of an agency after the accident in question; and that the case was not controlled by opinions of federal agencies but must be determined under state law.

■ A trial judge has broad discretion regarding the admissibility of evidence, *Shell, supra,* 684 F.2d at 541, and a determination that the probative value of certain evidence outweighs any potential unfair prejudice is also a matter within the discretion of the trial judge. *Johnson, supra,* 666 F.2d at 1226; FED.R.EVID. 403. We have carefully considered this issue and we cannot agree that the trial court abused its discretion when it admitted the OSHA standards with its cautionary instructions.

### C. Exclusion of Evidence

■ Appellants' third assignment of error pertaining to evidentiary rulings of the trial court involves the exclusion of certain evidence offered by the appellants. We have examined appellants' arguments on the excluded evidence and find them to be unpersuasive. In the case of exhibits 183 and 194 the trial court permitted appellants to read substantial portions of the documents; but appellants only read from exhibit 194. In the case of exhibit 35, a General Motors Corporation memorandum, the trial court found it potentially confusing and prejudicial but permitted appellants to extensively cross-examine Firestone's expert Lee regarding the substance of the exhibit. In the case of the sample RH5° rims, this demonstrative evidence was not listed by appellants as trial exhibits and was properly excluded on that basis. *See Iowa-Mo Enterprises, Inc. v. Avren,* 639 F.2d 443, 447 (8th Cir.1981). The alleged errors based on the trial court's exclusion of the above-mentioned items provide no basis for reversal. Absent a clear showing of an abuse of discretion, a district court's determination regarding the inadmissibility of certain evidence will not be disturbed on appeal. *Brewer v. Jeep Corp.,* 724 F.2d 653, 657 (8th Cir.1983).

### III. Rejected Jury Instruction

At the final jury instruction conference appellants requested the addition of a failure to recall element to the failure to warn element of the negligence instructions directing a verdict against the appellees. The district court refused the proposed additional element and suggested to appellants' counsel that failure to recall could be argued with respect to the punitive damage issue.

On appeal, appellants assert that this was error because under Missouri law a party is entitled to an instruction submitting its theory of the case, provided there is sufficient evidence to support the theory and a proper request is made. *See Stanfill v. City of Richmond Heights,* 605 S.W.2d 501, 502 (Mo.App.1979). Appellants claim there was sufficient trial evidence presented to establish that the appellees knew of the dangerous condition of the rim and therefore were negligent in not recalling the rim.

■ Appellees submit the district court properly instructed the jury in the negligence instructions which tracked the Mis-

souri Approved Instructions. In the main appellees argue that the district court correctly refused to add appellants' proposed failure to recall element because no duty to recall the rims existed under state or federal law. We agree.

 Generally, under Missouri law, to establish a case of actionable negligence plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached the duty, through act or omission, and that plaintiff was thereby proximately injured. *See Virginia D. v. Madesco Investment Corp.,* 648 S.W.2d 881, 886 (Mo.1983) (*en banc*); *see also Nelson v. Freeman,* 537 F.Supp. 602, 607 (W.D.Mo.1982), *aff'd sub nom. Nelson By Wharton v. Missouri Division of Family Services,* 706 F.2d 276 (8th Cir.1983). In addition, whether a duty existed is to be determined by the court. *Hyde v. City of Columbia,* 637 S.W.2d 251, 257 (Mo.App. 1982), *cert. denied,* 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983).

 Appellants provide no statute or case law to support their position that appellees were under a legal duty to recall the rims. While such a duty may have existed had the Department of Transportation ordered a recall, *see* The National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. §§ 1411–20, no such notification of defect and remedy order had been given pertaining to these rims. Since no duty to recall was established, a fundamental prerequisite to establishing negligence was absent. *See Nelson, supra,* 706 F.2d at 277. Although a party has a general right to have an instruction presenting its theory of the case, a plaintiff has no right to submit to the jury an instruction unsupported by the evidence adduced at trial. *Beard v. Mitchell,* 604 F.2d 485, 497 (7th Cir.1979).

Further there is no error in the trial court's refusal to incorporate the duty to recall within the duty to warn under the facts of this case. We find no basis for such an equation, *see* 2A Frumer and Friedman, *Products Liability* § 17A.01 (1984 ed.), nor do we perceive any prejudice for failing to include it. The central issue of whether the appellees negligently breached their duty to warn of the hazards of the rims was presented to the jury and the question was resolved by the jury against the appellants. Appellants' position that the appellees should have voluntarily recalled the rims was apparent throughout the course of the trial and further elaboration in the duty to warn instruction was not necessary or proper. If the jury did not find appellees negligent for failing to warn, they could not logically have found them negligent for failing to recall.

In summary, we find no basis for reversal predicated upon the trial court's evidentiary rulings and negligence instructions to the jury, and we affirm the judgment of the district court entered in accordance with the verdict of the jury.