COAST–TO–COAST STORES, INC., a Delaware Corporation, Appellee,

v.

WOMACK–BOWERS, INC., an Arkansas Corporation; Wendal Womack, an individual; Melton Lavon Womack, an individual; and Sam R. Martin, an individual, Appellants.

No. 85–2313.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1986.

Decided May 20, 1987.

John E. Moore, Little Rock, Ark., for appellants.

David M. Powell, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, ROSENN,* Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Womack-Bowers, Inc., appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas in favor of Coast-to-Coast Hardware, Inc. (Coast) in this action alleging common law fraudulent misrepresentation and violations of the Arkansas Franchise Practices Act, Ark.Stat.Ann. §§ 70–807 to 818. For reversal, Womack-Bowers argues the district court erred in (1) making prejudicial statements within the hearing of the jury, (2) excluding evidence that Coast's general counsel advised employees to purge negative information about franchise owners from company files, (3) denying Womack-Bowers's motion for a new trial, (4) excluding evidence of Coast's dealings with another dissatisfied franchise owner, and (5) dismissing the common law fraud claim at the close of the evidence. For the reasons discussed below, we affirm the judgment of the district court.

Coast is a nationwide hardware merchandising company that also sells hardware store franchises. Womack-Bowers is an Arkansas corporation formed to purchase, own and operate a hardware store franchise in Batesville, Arkansas. During 1976 and 1977, Wendal Womack, Sam Martin and Lavon Womack, the three principals/shareholders of Womack-Bowers,[2] began to inquire into opening a hardware store franchise. They investigated several franchisors, including Ace, Coast and True Value. In 1977 and 1978, Wendal Womack and Sam Martin attended Coast conventions as part of their investigation. At these conventions, Coast representatives allegedly told Womack and Martin that Coast was very successful and growing at a fast rate, that Coast was expanding in the sunbelt and in Arkansas and Oklahoma, and that other Coast franchises in Arkansas were making profits of 8 to 10 percent.

Womack-Bowers testified that they decided to purchase the franchise from Coast because they believed that Coast's marketing and merchandising services and other management programs were superior. Wendal Womack was an experienced pharmacist and Sam Martin an experienced retailer; none of the three principals/shareholders, however, had any previous experience in the hardware business. Recognizing their lack of experience, Womack-Bowers testified that they relied on Coast's expertise. Specifically, they relied on a market survey of the Batesville area conducted by Coast's district manager. Womack-Bowers now alleges the survey was

---

\* The Honorable Max Rosenn, United States Senior Circuit Judge for the Third Circuit, sitting by designation.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, presiding.

2. Throughout this opinion, for reasons of convenience, the name "Womack-Bowers" will be used to refer to the corporation and also to the principals/shareholders of the corporation.

inaccurate and erroneous; the survey omitted two local competitors, overstated the population of Batesville, and incorrectly located the proposed store in a shopping center development with a large grocery store and a convenience store. The franchise agreement, executed in April 1979, however, provided that Womack-Bowers agreed not to treat any "sales forecasts, budgets or other projections provided by [Coast] or any statement by [Coast] ... [as] a representation, warranty, guaranty or indemnity." Further, Womack-Bowers agreed that Coast was not responsible for "the results obtained in the operation of [the] store." Womack-Bowers further alleges that they informed the Coast district manager that the store would be 100 percent financed through a local bank. Womack-Bowers later discovered that Coast had a policy of not approving a store that was 100 percent financed.

The Batesville franchise opened in September 1979 and immediately began to lose money. Womack-Bowers requested assistance from Coast, including participation in Coast's "Sales Assistance Program" and discounted pricing, but their requests were denied. The store closed in December 1983, leaving Womack-Bowers with an account debt to Coast of over $53,000 and total losses of approximately $400,000.

Coast brought an action against Womack-Bowers in federal district court in Minnesota to collect the past due account debt. Womack-Bowers counterclaimed for common law fraudulent misrepresentation and for violations of the Arkansas Franchise Practices Act. The case was transferred to federal district court in Arkansas. The district court entered summary judgment in favor of Coast on the debt collection action. Womack-Bowers's counterclaim was then tried to a jury. At the close of the evidence, the district court dismissed the common law fraudulent misrepresentation claim, but submitted the claims under the Arkansas Franchise Practices Act to the jury. The jury returned a verdict in favor of Coast. The district court denied all posttrial motions and Womack-Bowers now appeals.

**Statements by the district court**

During a bench conference on the first day of trial, the district court remarked to counsel for Womack-Bowers that their first witness had "hung them out to dry," that no evidence of fraud had been produced, and that the court would not let stand a jury verdict finding fraud if one was returned. Counsel responded by asking the district judge to lower his voice. The next morning, Womack-Bowers moved for a mistrial on the ground that the district court's statements were prejudicial and that the statements had been made within the hearing of the jury. The district court denied the motion, specifically finding that the statements had not been made within the hearing of the jury. Womack-Bowers contends on appeal that the district court's prejudicial statements were in fact overheard by the jury, denying them a fair and impartial trial.

■ A trial judge must be especially cautious and circumspect in language and conduct during a jury trial. The judge must be fair to all parties and not do or say anything that might prejudice either litigant in the eyes of the jury. *Cf. United States v. Bland*, 697 F.2d 262, 265–66 (8th Cir.1983) ("A judge's slightest indication that he [or she] favors the government's case can have an immeasurable effect upon a jury"). Here, the statements made by the district judge and alleged to have been overheard by the jury related to the sufficiency of proof on the issue of fraud. Coast points out that Womack-Bowers's common law fraud claim did not go to the jury. Any prejudice created by the court's remarks, even if overheard by the jury, Coast argues, is thus harmless error.

■ Had the common law fraudulent misrepresentation claim been the only claim involving fraud in the case, we would agree with Coast's harmless error argument. Claims for misrepresentation and fraud under the Arkansas Franchise Practices Act, however, were submitted to the jury. If the jury overheard the district judge's statements, the jury could reasonably have concluded that the district judge was commenting on the merits of *any*

claim involving fraud in the case. It is also possible that the jury could have concluded that the district judge was going to overturn a possible verdict for Womack-Bowers on *any* fraud claim, if one was returned. Thus, we believe the district court's statements, *if overheard by the jury*, constituted prejudicial error. On that basis, we would be compelled to hold that a mistrial should have been granted had Womack-Bowers's motion for mistrial been properly presented to the district court.

■ When it moved for a mistrial, however, Womack-Bowers did not properly support its assertion that the jury in fact overheard the district court's statements. At no time, for example, did Womack-Bowers request that the jury be polled to determine if they had overheard the district court's statements. Nor did Womack-Bowers ever request that the jury be instructed to disregard any remarks by the court, if heard. Instead, Womack-Bowers waited until the next day to present affidavits to the district court from Womack-Bowers's counsel and Wendal Womack asserting that they had overhead the court's remarks at their counsel table, which was located further from the bench than was the jury. No affidavits were submitted from members of the jury or from other disinterested bystanders in the courtroom.

In denying the motion for mistrial, the district court expressly found that its statements had not been overheard by the jury. The district court later carefully instructed the jury to disregard any statement by the court that may have suggested how the jury should decide the case. Without a jury poll, and giving due deference to the factual finding of the district court, we find that the affidavits filed by Wendal Womack and his attorneys are too slim a reed to support a determination by this court that the district court's finding was clearly erroneous. Because we accept the finding that the district court's prejudicial statements were not overheard by the jury, we must reject Womack-Bowers's claim that they were denied a fair or impartial trial by the statements of the district court.

### Advice to destroy information

Womack-Bowers next contends the district court erred in excluding from evidence the deposition of Robert Pomeroy. Pomeroy, a former Coast employee, stated in deposition that at a national sales meeting in 1982, Coast's general counsel advised the company's sales force to purge negative or derogatory comments about Coast franchise owners from reports contained in company files. Womack-Bowers's theory is that Coast knew the Batesville franchise would not be successful, but sold it to Womack-Bowers anyway in order to collect the franchise fees. Thus, Womack-Bowers speculates, negative information relevant to their prospect as a franchise contained in Coast files was destroyed.

■ The district court excluded the evidence on the ground, among others, that under Fed.R.Evid. 403, the probative value of the Pomeroy deposition was outweighed by its potential for prejudice. We agree. First, the evidence lacks probative value. Womack-Bowers cannot show any connection between the general counsel's advice to employees not to refer in a derogatory way to franchise owners in company reports and Coast's specific actions towards Womack-Bowers. We conclude, as did the district court, that there is no evidence that information in Coast's file on Womack-Bowers was destroyed. Further, we find that the general counsel's remarks in 1982 were too distant in time from the misrepresentations alleged to have been made to Womack-Bowers in 1977–78 to support any inference that Coast destroyed files relevant to this action.

Balanced against this lack of probative value, we agree with the district court that the Pomeroy deposition had the potential for unfair prejudice. The jury could possibly have been misled into making the improper inference that the remarks of Coast's general counsel specifically referred to the Womack-Bowers's litigation.

A trial court has broad discretion regarding the admissibility of evidence. *Shell v. Missouri Pacific R.R. Co.*, 684 F.2d 537, 541 (8th Cir.1982). The determination of whether the probative value of certain evi-

dence is outweighed by its potential for unfair prejudice is a matter within the discretion of the trial judge. *Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129, 134 (8th Cir.1985). We hold that in the present case the district court was well within its discretion in excluding the Pomeroy deposition under Rule 403.

**Motion for a new trial**

■ Following the jury verdict in Coast's favor, Womack-Bowers sought a new trial on the ground that the jury findings were contrary to the evidence. Womack-Bowers specifically challenged the jury's findings on claims under the Arkansas Franchise Practices Act that (1) Coast had dealt with Womack-Bowers in a commercially reasonable manner,[3] and (2) Coast had not failed to state material facts that were necessary to prevent its statements to Womack-Bowers regarding the Batesville franchise from being misleading.[4] The district court denied the motion for a new trial.

Jury findings of fact should be overturned only if the jury's verdict is contrary to the clear weight of the evidence. *Fireman's Fund Insurance Co. v. Aalco Wrecking Co.*, 466 F.2d 179, 186 (8th Cir. 1972) (*Fireman's Fund*), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973). Womack-Bowers contends on appeal that Coast's failure to act in a commercially reasonable manner was shown by the following evidence: Coast's failure to conduct a valid market survey, Coast's approval of a 100 percent financed store contrary to company policy, and Coast's grant of discounted pricing and sales assistance to other franchise owners, but not to Womack-Bowers. Womack-Bowers argues that Coast's fraudulent misrepresentations are shown by evidence that Coast sales representatives made statements to induce Womack-Bowers to buy a franchise, including the claim that Coast was a successful hardware store chain. These statements, Womack-Bowers contends, omitted material facts about the actual success rate and profitability of Coast franchises in the Arkansas region.

The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. *Fireman's Fund*, 466 F.2d at 185. In the present case, the district court denied the motion, apparently concluding that the jury had properly exercised its role as the trier of fact in light of the evidence presented at trial. After a careful review of the record, we agree. Where the subject matter of the litigation is simple, the evidence straightforward, and the legal issues unconfused, courts are properly reluctant to overturn the jury's verdict and to grant a new trial. *Id.* at 186–87. In this case, the evidence was such that reasonable persons could differ in the interpretation of the evidence and in arriving at a verdict. The district court thus properly left the resolution of these matters to the jury. We hold that the district court did not abuse its discretion in denying Womack-Bowers's motion for a new trial.

**Coast's treatment of other franchise owners**

Womack-Bowers attempted to introduce the depositions of former Coast franchise owners to show that Coast had made misrepresentations to other franchise owners similar to those made to Womack-Bowers. Womack-Bowers contended that this evidence of Coast's "other wrongs or acts," *i.e.*, the company's dealings with other franchise owners, was admissible under Fed.R.Evid. 404(b). The district court ruled that the evidence was not admissible under Rule 404(b) and also excluded the evidence under Fed.R.Evid. 403 on the ground that its probative value was outweighed by the danger of undue waste of time and confusion of the issues.

3. Ark.Stat.Ann. § 70–813(f) provides that it is an unlawful practice of a franchisor to "refuse to deal with a franchisee in a commercially reasonable manner and in good faith."

4. Ark.Stat.Ann. § 70–814(b) provides that it is a misleading and fraudulent scheme for a franchisor to "knowingly make any untrue statement of a a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading."

Evidence of "other ... wrongs or acts" is admissible under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." This court has held that evidence of other wrongs or acts offered to demonstrate a common plan may be admitted only if the evidence relates to acts of wrongdoing "similar in kind and reasonably close in time to the charge at trial." *United States v. Gustafson*, 728 F.2d 1078, 1083 (8th Cir.), *cert. denied*, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984).

In excluding the evidence under Rule 404(b), the district court found the proffered testimony of the other franchise owners was not material to the issue of fraud in the present case. For example, one of the other franchise owners complained of Coast's failure to have his hardware store construction completed on time, of improper merchandising and of a sales commission paid to Coast when the store was sold. The district court found that these complaints were different in kind from those of Womack-Bowers and were not close enough in time.

The district court further found that even if the evidence were admissible under Rule 404(b), the evidence could be excluded under Rule 403. Otherwise relevant evidence may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of confusion of the issues or by considerations of waste of time. Womack-Bowers contends as a threshold matter that evidence of what they term Coast's "bad dealings" with other franchise owners is relevant because they were seeking to prove that Coast had refused to deal with them in a commercially reasonable manner or in good faith. *See* Ark.Stat.Ann. § 70–813(f). Excluding the deposition evidence, argues Womack-Bowers, prevented them from showing that Coast had a pattern of bad dealings with

franchise owners. The district court reasoned that if the evidence were admitted, the court would be forced to permit Coast to introduce rebuttal evidence about its favorable relationships with successful franchise owners, confusing the issues and wasting the time of the court and the jury.

We agree with the district court's rationale for excluding the evidence of Coast's dealings with other franchise owners under Rules 403 and 404(b). We hold, therefore, that the district court did not abuse its discretion in excluding this evidence.

### Dismissal of claim for common law fraudulent misrepresentation

Womack-Bowers's final argument is that the district court erred in dismissing the claim of common law fraudulent misrepresentation at the conclusion of the evidence, in effect directing a verdict in Coast's favor on the claim. The district court did, however, submit to the jury the claims under the Arkansas Franchise Practices Act, including a claim under Ark.Stat. Ann. § 70–814(b) alleging misrepresentation and fraud. The jury found for Coast on this claim.

Womack-Bowers contends the district court's rulings were inconsistent: the district court dismissed one genre of fraud claim (common law fraudulent misrepresentation) and yet submitted the claim of statutory fraud under § 70–814(b) to the jury. This inconsistency, argues Womack-Bowers, confused the jury because both fraud claims are governed by the same standard of proof.

Coast responds that there was no confusing inconsistency because the claim for statutory fraud under § 70–814(b) [5] requires a lesser standard of proof than is required for the claim of common law fraudulent misrepresentation under Arkansas law.[6] Thus, Coast argues, even if the

---

**5.** Ark.Stat.Ann. § 70–814(b) makes it a "fraudulent or misleading scheme" for a franchisor to "knowingly make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements

made, in light of the circumstances under which they are made, not misleading."

**6.** The elements of a cause of action for fraudulent misrepresentation (also called "deceit") under Arkansas law are (1) defendant's false repre-

common law claim had gone to the jury, the jury's verdict for Coast on the § 70–814(b) claim would have precluded the jury from finding for Womack-Bowers under the stricter common law standard of proof of fraud.

The standard of proof under § 70–814(b) has not been judicially construed by Arkansas courts in relation to the standard of proof under Arkansas common law for claims of fraudulent misrepresentation. We need not consider this broader issue, however, in order to decide the appeal now before us. We uphold the district court's dismissal of the common law fraudulent misrepresentation claim because there is no evidence in the record to support a finding of intent to defraud. No one disputes that the common law fraud action requires a showing of such intent. Directing a verdict on this issue was therefore proper. We hold the district court did not err in dismissing the claim for common law fraudulent misrepresentation.

## SUMMARY

In conclusion, we hold that (1) statements made by the district court did not deny Womack-Bowers a fair or impartial trial, (2) the district court did not abuse its discretion in excluding evidence that Coast's general counsel advised employees to purge certain information about franchise owners from company files, (3) the district court properly denied the motion for a new trial, (4) the district court did not abuse its discretion in excluding evidence of Coast's dealings with other franchise owners, and (5) the district court did not err in dismissing the common law fraudulent misrepresentation claim. Accordingly, the judgment of the district court is affirmed.

sentation of fact, (2) defendant's knowledge or belief that the representation is false, (3) defendant's intent to induce plaintiff's reliance on the misrepresentation, (4) plaintiff's justifiable reliance, and (5) plaintiff's damage, resulting from

the reliance. *Bishop v. Tice,* 622 F.2d 349, 358 (8th Cir.1980) (Arkansas law); *Storthz v. Commercial Nat'l Bank,* 276 Ark. 10, 631 S.W.2d 613, 616 (1982).