Carlos A. SANTIAGO, et al.,
Plaintiffs, Appellants,

v.

GROUP BRASIL, INC.,
Defendant, Appellee.

No. 87–1184.

United States Court of Appeals,
First Circuit.

Submitted Sept. 18, 1987.

Decided Oct. 7, 1987.

Robert E. Schneider, Jr., Washington, D.C., on brief, for plaintiffs, appellants.

Lawrence A. Salibra, II, Carlos A. Rodriguez Vidal, Eugenio C. Romero and Goldman & Antonetti, Santurce, P.R., on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants Carlos Santiago, his wife Ana Rodriguez, and the conjugal partnership between them brought this tort action against defendant-appellee Group Brasil, Inc. ("Group Brasil") to recover damages for injuries suffered by plaintiff Rodriguez when a Rochedo brand pressure cooker exploded in her face while she was preparing food. Plaintiffs' complaint alleged 1) that Group Brasil was negligent in selling and distributing a defective pressure cooker and 2) that Group Brasil failed to recall the defective pressure cooker, or to warn plaintiffs it was unsafe, prior to the January 10, 1984 accident, despite a previous Consumer Product Safety Commission order for the immediate recall of all Rochedo brand pressure cookers. On May 17, 1985, Group Brasil filed a motion to dismiss the complaint, accompanied by evidence that Group Brasil was not incorporated until March 2, 1983 (whereas plaintiffs alleged that they had purchased their defective cooker sometime between 1977 and 1982). Following plaintiffs' filing of an opposition to the motion to dismiss, accompanied by documentary evidence, the district court (Gierbolini, J.), treating the motion as a motion for summary judgment, denied it. On November 20, 1985, Group Brasil moved for reconsideration of the denial of its motion. On the same date the case was transferred from Judge Gierbolini to Judge Fuste, for reasons left unexplained by the record or by the parties. On January 22, 1987, in response to the motion for reconsideration, Judge Fuste granted Group Brasil's motion for summary judgment and entered judgment for Group Brasil. Plaintiffs appealed.

■ Group Brasil's summary judgment motion relied upon the following evidence: (1) an affidavit of Manuel Diaz stating that he was the president of Group Brasil, that Group Brasil was incorporated on March 2, 1983 in Florida, and that Group Brasil never sold or distributed the Rochedo branch pressure cooker; and (2) a copy of Group Brasil's certificate of incorporation showing that Group Brasil was organized under the laws of Florida on March 1, 1983. The documents submitted by plaintiffs in opposition to the motion showed nothing to dispute this evidence that Group Brasil did not yet exist between 1977 and 1982, the period during which plaintiffs alleged they purchased their defective pressure cooker. Plaintiffs' evidence merely showed that Group Brasil had a business relationship with Alcan Aluminio do Brasil, S.A., the manufacturer of Rochedo pressure cookers, and that Group Brasil handled the recall of defective pressure cookers, in exchange for new ones, on Alcan's behalf.[1] Plaintiffs argue that even though Group Brasil attained *de jure* existence as a corporation only in 1983, it could have had a *de facto* existence before that time and therefore could have participated in the sale or distribution of plaintiffs' cooker. Or, plaintiffs urge, Group Brasil could by contract have become a successor to Alcan's rights and liabilities vis-a-vis the Rochedo cookers after its incorporation. However, this is no more than speculation on plaintiffs' part; plaintiffs supplied no evidence in support of their opposition to the motion that suggested any such possi-

---

1. Plaintiffs did introduce a response by Moscoso Pharmacy, Inc. ("Moscoso") to an interrogatory apparently served upon Moscoso by plaintiffs in a suit brought by plaintiffs against Moscoso in the courts of the Commonwealth of Puerto Rico. In that response, dated June 28, 1984, Moscoso stated that Group Brasil was the distributor in Latin America of Rochedo pressure cookers. The response did not specify as of what date Group Brasil allegedly assumed this role. Accordingly, it could not suffice to create a genuine factual dispute as to Group Brasil's existence during the years plaintiffs purchased their cook-

er. In any event, the response is not admissible for summary judgment purposes, both because it was not accompanied by an English translation as is required by Rule 108.1 of the Rules of the U.S. District Court for the District of Puerto Rico, and because it was given in another litigation in state court not involving Group Brasil or its privies and not, so far as appears, involving issues substantially identical to those in the instant suit. *See* 6 Moore's Federal Practice ¶ 56.11[1], at 56–200 (2d ed. 1987); 4A Moore's Federal Practice ¶ 32.08 (2d ed. 1984).

bility. Accordingly, we affirm the district court's grant of summary judgment dismissing plaintiffs' claims against Group Brasil for sale or distribution of the defective cooker.[2]

Next we turn to the less straightforward issue of the district court's grant of summary judgment dismissing plaintiffs' allegation that Group Brasil failed to recall the defective pressure cooker prior to the accident despite a previous Consumer Product Safety Commission order for the immediate recall of all Rochedo brand pressure cookers. Group Brasil's submissions in support of its motion said nothing to contradict this allegation. Accordingly, dismissal of the allegation could be proper only if the allegation on its face fails to state a claim or if plaintiffs failed to demonstrate a genuine issue of material fact as to Group Brasil's legal responsibility for the recall program. The district court did not expressly consider these issues. The parties do not discuss them in their briefs nor cite any relevant authorities. Upon independent consideration, we affirm the district court's grant of summary judgment.

Group Brasil's liability in tort for negligent failure to recall the pressure cooker is governed by Puerto Rico law, the accident having occurred in Puerto Rico. *Valle v. American International Insurance Co.*, 108 P.R.R. 735, 738 (1979). We have found no Puerto Rico authority on point. Nor have we uncovered much in the way of relevant case law in other jurisdictions for a comparative law analysis. Such case law as we have found, however, indicates that a retailer or manufacturer could be held liable for negligent failure to recall. In *Nichols v. Westfield Industries, Ltd.*, 380 N.W.2d 392, 397–98 (Iowa 1985), the Iowa Supreme Court held that a retailer could be liable for negligence in failing to take reasonable steps to facilitate recall of a defective product it had sold, a mesh shield, as part of the manufacturer's recall program.

In *Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129, 134–35 (8th Cir.1985), the court, applying Missouri law, held that a manufacturer could not be liable in negligence for failure to recall defective tire rims because plaintiffs could "provide no statute or case law to support their position that [the manufacturer was] under a legal duty to recall the rims. While such a duty may have existed had the Department of Transportation ordered a recall, ... no such notification of defect and remedy order had been given pertaining to these rims. Since no duty to recall was established, a fundamental prerequisite to establishing negligence was absent." *Id.* at 135. In the instant case, by contrast, plaintiffs do allege that Group Brasil failed to adequately comply with a Consumer Product Safety Commission recall order. Even under the reasoning of *Smith*, therefore, the recall order itself could have created a legal duty, the violation of which supports a negligence action (assuming Group Brasil was a manufacturer, retailer or another upon whom the duty to recall the product devolved).

Furthermore, the Supreme Court of Puerto Rico, in *Reyes v. Heirs of Gil Sanchez Soto*, 98 P.R.R. 299 (1970), has made it clear that it regards the potential scope of negligence liability under section 1802 of the Civil Code—the negligence provision—to be very broad. The court stated that "(t)he concept of fault of § 1802 of the Civil Code—1930 ed.—is infinitely embracing, as ample and embracing as human conduct is." *Id.* at 303. The court went on to quote approvingly from its prior decision in *Hernandez v. Fournier*, 80 P.R.R. 94 (1957), which stated that section 1802

establishes one of the fundamental principles of our jurisprudence—that of the Aquilian liability for personal acts—*all damage*, whether material or moral, gives rise to reparation if three requirements or elements are met: *first*, proof

---

**2.** Plaintiffs also contend that Judge Fuste's grant of summary judgment was improper, or should be evaluated by a more exacting standard, because it involved a reconsideration of Judge Gierbolini's previous denial of the motion for summary judgment. There is no merit in this position. When the case was transferred to Judge Fuste he then stood in Judge Gierbolini's shoes, and was free to entertain motions to reconsider previous rulings to the same extent as Judge Gierbolini would have been.

of the reality of the damage suffered; *second,* a causal relation between the damage and the action or omission of another person; and *third,* said act or omission is negligent or *wrongful....* That precept ... does not admit a limitation or exception of any kind....

*Id.* at 305 (emphasis in original). Given this language and such authority as we have found in other jurisdictions, we cannot rule at this early stage that the Supreme Court of Puerto Rico, if faced with the issue, would hold that there can be no cause of action for negligent failure to recall a defective product upon learning of the defect, even when in violation of a Consumer Product Safety Commission recall order. Indeed, although plaintiffs' complaint is styled as a tort action, it could arguably be construed to seek relief under the Consumer Product Safety Act itself, which provides that any person who sustains injury by reason of any knowing violation of an order issued by the Consumer Product Safety Commission shall recover damages. 15 U.S.C. § 2072.

The harder issue is whether sufficient facts were asserted to show that Group Brasil was in such a position as to owe a duty to plaintiffs to recall this product. Group Brasil's uncontroverted evidence shows that Group Brasil neither manufactured or distributed the cooker nor sold it to plaintiffs. Plaintiffs' evidence shows only that Group Brasil had some undefined responsibility with respect to recalls of the product. Group Brasil during the period between its March 1983 incorporation and the January 10, 1984 accident may have functioned merely as a recall agent acting on behalf of Alcan, the manufacturer of the defective pressure cooker. If so, any potential liability for failure to recall under the above theories would attach only to Alcan as principal, and not to Group Brasil as agent.

The question boils down to which party was responsible for providing evidence that Group Brasil did or did not have some sort of status which would make it legally responsible to plaintiffs for any unreasonable failure to recall. We think it clear that this burden rested with plaintiffs. The ultimate burden of proof at trial to show that Group Brasil possessed a legal duty to plaintiffs, which it breached, would be on plaintiffs. To avoid summary judgment, therefore—in the face of Group Brasil's motion suggesting a lack of evidence that Group Brasil possessed such a duty—plaintiffs had to produce at least some evidence reasonably affording an inference supporting the existence of a triable issue of fact as to whether Group Brasil's status vis-a-vis the recall program was such as would create legal responsibility for the accident. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *Potterton v. Porter,* 810 F.2d 333, 334 (1st Cir.1987); *Fontenot v. Upjohn Co.,* 780 F.2d 1190 (5th Cir.1986). This is especially so in that Group Brasil did come forward with evidence negating the existence of a legal duty by demonstrating that Group Brasil did not manufacture, distribute, or sell the defective cooker, thereby obligating plaintiffs to adduce evidence suggesting a material factual dispute as to that issue. 6 Moore's Federal Practice ¶ 56.15[3] (2d ed. 1987).

Plaintiffs, however, submitted nothing relevant to this issue to meet their burden. Perhaps plaintiffs could have done so by putting forward, for example, evidence reasonably affording an inference that Group Brasil had become a successor to Alcan's rights and liabilities vis-a-vis the Rochedo cookers. Instead, plaintiffs' submissions in opposition to the motion to dismiss—such as recall announcements and notices—suggested that Group Brasil functioned solely as a recall agent acting on behalf of Alcan. There is nothing in plaintiffs' submissions that could be said to permit an inference that Group Brasil owed a legal responsibility to plaintiffs in its handling of the recall program during the period between its incorporation and plaintiff's accident. Nor

did plaintiffs move under Fed.R.Civ.P. 56(f) for a continuance to permit discovery on this point. Accordingly, we affirm the district court's grant of summary judgment for Group Brasil.

The judgment of the district court is *affirmed*.