**Robert BROWN, Appellant,**

v.

**BAY STATE ABRASIVES, and Colcord–Wright Machinery & Supply Company, Respondents.**

No. 59016.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1992.

Donald L. Schlapprizzi, James Everett Rhodes, St. Louis, for appellant.

Phyllis Radovich & Ralph K. Soebbing, Henry D. Menghini, Byrona Johnice Kincanon, St. Louis, for respondents.

GARY M. GAERTNER, Judge.

Appellant, Robert Brown, appeals from a jury verdict in the Circuit Court of the City of St. Louis finding in favor of respondents, Bay State Abrasives and Colcord–Wright Machinery & Supply Company, in this products liability action. We reverse and remand for a new trial.

On January 18, 1983, appellant was a hydraulics electronics troubleshooter and assistant shop foreman for Wholesaler's Clutch Service in the City of St. Louis. At approximately 11:00 a.m. that morning, appellant was preparing to use a portable flexible shaft hand-held grinder [1] equipped with a grinding wheel manufactured by respondent, Bay State Abrasives, and distributed by respondent, Colcord–Wright Machinery & Supply Company. The grinder was permitted to reach its working speed of approximately 3400 R.P.M. but, just before appellant could apply the grinding wheel to the grinding surface, the grinding wheel "exploded" and struck appellant in the face. Appellant sustained serious injuries to the right side of his face, nose and underneath his right eye and required plastic surgery due to the accident.

---

1. The evidence at trial revealed that when using a portable flexible shaft grinder, the rotating grinding wheel is moved to the piece that requires grinding. This is in contrast to a stationary grinding machine, where the grinding wheel is locked in place and the piece to be ground is moved to the wheel.

The grinding wheel in question contained the following warning on its blotter [2]

WARNING!!!

**GRINDING WHEELS IMPROPERLY USED ARE DANGEROUS CAUTION:** Comply with American National Standards Institute Safety Code B7.1 and Occupational Safety and Health Act covering: **SPEED—SAFETY GUARDS—FLANGES—MOUNTING PROCEDURES—GENERAL OPERATING RULES—HANDLING, STORAGE AND INSPECTION—GENERAL MACHINE CONDITIONS.**

Soon after the accident, appellant brought suit against the respondents, alleging, *inter alia,* that the grinding wheel in question had been used for the purpose of side grinding,[3] that the wheel was not safe when used for side grinding and that the respondents failed to adequately warn the appellant of the dangers involved in using their grinding wheel for side grinding purposes.

The cause went to trial on August 6, 1990. At the trial, appellant's expert testified that the wheel in question was a vitrified grinding wheel and that such grinding wheels are inappropriate and dangerous for side grinding. Appellant's expert further testified that the wheel in question had been used in the past for that purpose and, in his opinion, the side grinding on the wheel was the primary reason for its failure. Finally, appellant's expert testified that the warning on the blotter of the wheel did not adequately warn of the dangers of side grinding.

On cross-examination, respondents were permitted, over objection of appellant's counsel, to question appellant's expert about the provisions of the American National Standards Institute Safety Code (ANSI) B7.1, and of the standards' requirements concerning flanges size and ANSI's warnings against side grinding on vitrified wheels. The trial court reasoned that, despite the fact that there was no evidence that ANSI B7.1 was provided to appellant's employer by either of the respondents, and despite the lack of any evidence that ANSI B7.1 was ever located on the premises of appellant's employer, because ANSI B7.1 was referenced on the warning on the wheel, ANSI B7.1 was part of the warning. The jury returned its verdict in favor of the defendant and this appeal followed.

Appellant's sole contention on appeal is that the trial court erred in allowing the respondents to expand the warning contained on the grinding wheel by referring to the standards presented in ANSI B7.1. We agree.

■■ Missouri recognizes the existence of a strict liability cause of action for failure to warn. *Racer v. Utterman,* 629 S.W.2d 387, 393 (Mo.App., E.D.1981). Even though a product may be designed and manufactured properly, the lack of an adequate warning, in itself, may render a product defective or unreasonably dangerous within the meaning of the law. *Duke v. Gulf Western Mfg. Co.,* 660 S.W.2d 404, 418 (Mo.App., W.D.1983). In determining the adequacy of a warning, this court considers the placement of the warning, its language and how it may or may not impress the average user. *Tennis v. General Motors Corp.,* 625 S.W.2d 218, 226 (Mo. App., S.D.1981). In evaluating these factors, the dangerous nature of the product, the form in which it is used, the burden to be imposed by requiring warnings and the likelihood that the particular warning will be adequately communicated to those who will foreseeably use the product must also be considered. *Sowell v. American Cyanamid Co.,* 888 F.2d 802, 804 (11th Cir.1989); *Dougherty v. Hooker Chemical Corp.,* 540 F.2d 174, 179 (3rd Cir.1976). A warning, no matter how well stated or placed, is inadequate if it has no reasonable likelihood of reaching a foreseeable user and, thereby performing its intended function of risk reduction. *Byrne v. S.C.M.*

---

**2.** The blotter is a paper collar placed on the grinding wheel on which is typically printed the name of the manufacturer, the order number of the part and the capacity of the grinding wheel in terms of rotations per minute.

**3.** Side grinding is the use of the side of the grinding wheel rather than the outside edge of the grinding wheel for grinding purposes.

**534**

*Corp.*, 182 Ill.App.3d 523, 131 Ill.Dec. 421, 436, 538 N.E.2d 796, 811 (1989).

In the present case, the warning on the wheel tells the user absolutely nothing other than "grinding wheels improperly used are dangerous." It tells the user nothing about what improper use is, nor does it specify the dangers associated with the improper use of a grinding wheel. The language referring to ANSI is not, in the present case, adequate to serve as a warning. No copy of ANSI was provided to appellant's employer and no copy existed at the employer's location. This court will not open up a gaping loophole in failure to warn cases by permitting manufacturers to rely on general language that provides just enough information for the user to scurry off to the nearest public library and research the dangers of a product themselves. The manufacturer possesses the most access to such information and it is in the best position to see to it that adequate warnings are given. Manufacturers may not place the duty of discovering the dangerous proclivities of their products on the user's research abilities. To so hold would unduly encumber the requirement that a warning have a reasonable likelihood of reaching the foreseeable user or product.

Appellant cites this court to *Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129 (8th Cir.1985) and claims that it has some bearing on the present case. We disagree. In *Firestone*, the plaintiff was injured when he checked the air pressure of a tire and the multi-piece rim on the tire separated. *Smith*, 755 F.2d at 131. At trial, Firestone admitted two OSHA standards into evidence that related to the servicing of multi-piece wheel rims. *Id.* at 132. One of these standards stated that no warnings were necessary on such rims. The Eighth Circuit Court of Appeals affirmed holding that the OSHA standard relating to warnings rebutted the plaintiff's contention that warnings were necessary on the tire rims. *Id.* at 133. This is a far cry from the claim in the present case that the mere reference to an ANSI standard on the side of a grinding wheel, without providing those

standards to the employer or to the user, can serve as an adequate warning.

The decision of the trial court is reversed and remanded for a new trial.

REINHARD, P.J., and AHRENS, J., concur.