WILSON, Circuit Judge,
concurring:
I agree with the result in this case. I write separately to emphasize that it is only with great reluctance that I concur *1166 that the error in admitting Exhibit 145 was sufficiently prejudicial to warrant a new trial.
My primary concern is whether Vanguard suffered any demonstrable prejudice; it appears that Vanguard had access to Exhibit 145 long before trial, and had ample opportunity to cross-examine PEAT’s witnesses about whatever problems existed in the evidentiary submission. In addition, PEAT’s counsel crafted Exhibit 145 in response to a discovery request from Vanguard; it is somewhat ironic that Vanguard now argues to have the judgment overturned as a result of the very materials it asked PEAT to prepare.
I am further concerned about the practical considerations of remanding this matter for a new trial. We now allow Vanguard another bite at the apple in a case in which we have already rejected the majority of Vanguard’s arguments, thus upsetting our strong interests in finality and efficiency. This matter will now be litigated again, at significant time and expense to the parties. Yet, Exhibit 145 contains inadmissible hearsay that very well could have made a difference to the jury.
As our predecessor court has written, “[ajfter a long and hotly fought trial, an appellate court is reluctant to overturn the rulings of a district judge.” Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334, 343 (5th Cir.1980). It is not lightly that we disturb a trial judge’s evidentiary findings, and it is with even greater unease that we interfere with the result reached by a jury after an otherwise well-litigated case. However, this was a complex and often confusing matter that turned on close factual questions. In addition, the district court did not give a limiting instruction with regard to any of Exhibit 145’s eviden-tiary problems. The presence of such an instruction could very well have led us to a different result today.
As the Eighth Circuit has noted, “[wjhere the subject matter of the litigation is simple, the evidence straightforward, and the legal issues unconfused, courts are properly reluctant to overturn the jury’s verdict and to grant a new trial.” Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc., 818 F.2d 1398, 1403 (8th Cir.1987). The present ease presents the infrequent occasion in which an error justifies a new trial — a result we only reach with great caution.
*1167 APPENDIX
[[Image here]]
*1168 [[Image here]]
*1169 [[Image here]]
*1170 Trade Secrets Provided to VRI - Recap
Chamber Design
Chamber design trade secretes include configuration, Mix chamber, Oxidant, refractory and torch impacts. Chamber configuration trade secrets include the size and shape of both rectangular and cylindrical chambers, instrumentation locations, and entrance and exit locations for the various chamber penetrations when used to process a mixture of organic and non-organic waste materials in a reducing atmosphere to produce a syn-gas. Another trade secret is the design and theory for the use of a Mix chamber to improve efficiency and solve problems associated with temperature maintenance, hot gas mixing turbulence, duration, and hot gas quality. Use of oxidant addition .locations to stabilize chemical reactions in the processing chamber, the impact to the process for various types of oxidants, and fine tune the process from the mix chamber oxidant Input locations is another trade secret. PEAT has conducted numerous tests of various refractory materials and families of materials to determine best type or family of materials to be used in reducing atmospheres with chlorine and other chemical present in the waste stream. Some refractory vendors have even told us that we have tested more refractory under these conditions than they have tested. The theory behind the torch and chamber location and movabiiity relationships to impart maximum turbulence, maximum feed and tapping flexibility, and minimal chamber wall thermal effects is another trade secret.
[[Image here]]
*1171 /////PEAT, inc. PROPRIETARY INFORMATION/////
[[Image here]]

*1172
PEAT, inc.

COMPANY CONFIDENTIAL
[[Image here]]
*1173 [[Image here]]
*1174 [[Image here]]
*1175 [[Image here]]
*1176 [[Image here]]
*1177 [[Image here]]
*1178 [[Image here]]
*1179 [[Image here]]
*1180 [[Image here]]
*1181 [[Image here]]
*1182 [[Image here]]
*1183 [[Image here]]
*1184 [[Image here]]
*1185 [[Image here]]
*1186 [[Image here]]
*1187 Trade Secrets shown, discussed, or provided to VRj
[[Image here]]
*1188 [[Image here]]
*1189 [[Image here]]
*1190 [[Image here]]
*1191 [[Image here]]
*1192 [[Image here]]
*1193 [[Image here]]
*1194 [[Image here]]
*1195 [[Image here]]
*1196 [[Image here]]
*1197 [[Image here]]
*1198 [[Image here]]
*1199 [[Image here]]
*1200 [[Image here]]
*1201 [[Image here]]