22536

Dorothy G. NEIL, Respondent v. Mary Frances BYRUM, Appellant.
(343 S. E. (2d) 615)

Supreme Court

*Forest C. Wilkerson,* of *Roddey, Carpenter & White,* P.A.,
Rock Hill, *for appellant.*

*Stephen R. McCrae, Jr.,* of *Spratt, McKeown & McCrae,*
York, *for respondent.*

Heard March 26, 1986.

Decided April 28, 1986.

HARWELL, Justice:

In this slip and fall case, the appellant contends that the
trial judge erred in not granting her motion for a directed
verdict. We agree and reverse.

Appellant agreed to let her niece and nephew have a
surprise party for their father at her house. Respondent, one
of the guests at the party, fell from the top of the back steps.
The brick steps are approximately three and a half feet high
and do not have a barrier or railing on either side. Because
there is no landing at the top of the steps, it is impossible to

stand on the top step and open the back door. Rather than stepping back one or two steps, respondent tried to make room for the door to open by moving to the left side of the steps. She moved too far to the left and consequently fell off the steps. The jury returned a $25,000 verdict for the respondent.

Since this is a law case which was tried by a jury, we must uphold the verdict if there is any evidence which reasonably supports it. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). Additionally, in passing on motions by defendants for nonsuit, directed verdict, judgment non obstante veredicto, and a new trial, the evidence must be viewed in a light most favorable to the plaintiff. *Skipper v. Hartley*, 242 S. C. 221, 130 S. E. (2d) 486 (1963).

The only question we must decide in this appeal is whether there is any evidence to reasonably support the jury's finding that the appellant was negligent. The appellant must have breached her duty of care to the respondent in order to be negligent. We, therefore, must determine what duty of care the appellant owed to the respondent.

The United States District Court, in applying South Carolina law, has set forth the duty a landowner owes to a social guest.

> A social guest is a licensee. A licensee is a person who is privileged to enter upon land by virtue of the possessor's consent. The possessor is under no obligation to exercise care to make the premises safe for his reception, and is under no duty toward him except:
>
> (a) To use reasonable care to discover him and avoid injury to him in carrying on activities upon the land.
>
> (b) To use reasonable care to warn him of any *concealed dangerous conditions* or activities which are known to the possessor, or of any change in the condition of the premises which may be dangerous to him, and which he may reasonably be expected to discover.

*Frankel v. Kurtz*, 239 F. Supp. 713, 717 (W.D.S.C. 1965)(emphasis added). The respondent in the instant case was clearly a licensee. If we determine that the danger posed by the steps was not hidden or concealed, then respondent's fall

would not have been due to any negligence on the appellant's part.

Under the present facts, neither the steps themselves 1, 2 nor their position in relation to the door constitute a latent or concealed danger. The respondent admitted that she noticed that the steps had no railings before she started up them. The width of the steps and the position of the steps in relation to the rear door are open and obvious conditions which were readily visible at the time the accident occurred. A licensee cannot recover for an injury caused by known dangers or risks inherent to a place. *Smiley v. Southern R. Co.,* 184 S. C. 130, 191 S. E. 895 (1937). This Court refuses to make every landowner an insurer of the safety of their social guests. *See House v. European Health Spa,* 269 S. C. 644, 239 S. E. (2d) 653 (1977) (Court refused to make *business* owner an insurer of the safety of an *invitee).*

Even when viewed in the light most favorable to the respondent, there is no evidence which could reasonably support the conclusion that the appellant was negligent. Since the only conclusion which could have been reached in this case is that the steps constituted an open and obvious danger rather than a latent or concealed one, the trial judge should have granted appellant's motion for a directed verdict.

Reversed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.