Catherine T. POTTERTON and Eugene
Potterton, Plaintiffs, Appellants,

v.

James Alan PORTER and Patricia
Porter, Defendants, Appellees.

No. 86–1672.

United States Court of Appeals,
First Circuit.

Argued Jan. 5, 1987.

Decided Feb. 4, 1987.

Lindsay Preston Rand, with whom Nashawaty, Hayden & Rand, Braintree, Mass., was on brief, for plaintiffs, appellants.

Donald H. Jackson, Jr., with whom Williams, Jackson & Spero, Boston, Mass., was on brief, for defendants, appellees.

Before BOWNES, Circuit Judge,
ROSENN,* Senior Circuit Judge, and
SELYA, Circuit Judge.

ROSENN, Senior Circuit Judge.

This appeal calls upon us to decide a subtle question concerning the circumstances under which a social guest may recover from her host for personal injuries caused by a defect on the premises which was known to the defendants but not to the plaintiff. The district court granted the defendants' motion for summary judgment, holding that even if the carpeting on which the plaintiff tripped was a concealed danger, there was no evidence that the defendants knew that the defect presented an

* Of the Third Circuit, sitting by designation.

unreasonable risk of danger to the plaintiffs. We vacate and remand.[1]

## I.

At approximately 7:45 A.M. on May 2, 1984, Catherine Potterton emerged from a bathroom in the defendants' home and walked out into the hallway. She then turned left to enter into a bedroom, caught her toe on the hallway carpeting, fell forward, and struck her shoulder against a closet door located immediately to the right of the bedroom entrance. As a result of her fall Mrs. Potterton suffered a broken shoulder and partial dislocation of her shoulder joint.

The hallway in which Mrs. Potterton tripped was covered with one to one and one-half inches of thick green shag carpeting; however, the section of carpeting which caused Mrs. Potterton's fall was patched and uneven. Although the precise nature and extent of the irregularity is in dispute, the district court found that the defendants knew of the "patched" area from the time they bought the house. Indeed, Mr. Porter's deposition reveals that the prior owner specifically informed him that there was a patched area in the carpeting covering some repair work done on the plumbing system under the floor, that the repair work had been a "quick fix it job," that the padding underneath the carpeting was not good, and that the end result was a patch of carpeting that was not quite even, but a little bit lower than the surrounding carpet area. Further, in response to a question as to whether Mr. Porter or his wife ever noticed or mentioned the patched area, Mr. Porter responded, "We talked about replacing the carpet in the house eventually."[2]

The plaintiffs brought their suit for damages for personal injury and loss of consortium on the theory that the defendants were negligent in failing to warn Mrs. Potterton of a known danger. Although the district court found that the defendants knew of the patched area and failed to warn Mrs. Potterton, and that there was a genuine issue of material fact as to whether the alleged danger posed by the rug was hidden or apparent, the court nevertheless granted summary judgment because it found that even if the rug was a concealed danger there was no evidence that the defendants "realized that [the defect] involved an unreasonable risk to the plaintiffs." In support of this conclusion the court cited Mr. Porter's deposition testimony that no one in his family had ever tripped over the carpet and that he never recognized the possibility that the carpet might present a danger to somebody walking on it, as well as the lack of any evidence that Mrs. Potterton was infirm before the accident and therefore more susceptible to falling.

## II.

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* —— U.S. ——, ——, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (U.S.1986). The threshold inquiry for the trial court is whether there is a need for a trial. In other words, are there any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party? "[T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion

---

1. The district court exercised jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and applied South Carolina law. This court has jurisdiction pursuant to 28 U.S.C. § 1291 (final judgment of the district court).

2. It should be noted that the transcript also reveals that the defendants may have wished to replace the carpet because they did not like the color green.

as to the verdict." *Anderson v. Liberty Lobby, Inc.,* — U.S. —, ——––——, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (U.S. 1986). The parties agree that the substantive law of South Carolina as set forth in *Frankel v. Kurtz,* 239 F.Supp. 713 (W.D. S.C.1965), controls this South Carolina injury, and the district court so held. The parties also agree that Mrs. Potterton was a social guest at the time she was injured, although she was the mother of the female defendant.

Under South Carolina law,

A social guest is a licensee. "A licensee is a person who is privileged to enter upon land by virtue of the possessor's consent. The possessor is under no obligation to exercise care to make the premises safe for his reception, and is under no duty toward him except:

. . . .

(b) To use reasonable care to warn him of any concealed dangerous conditions or activities which are known to the possessor, or of any change in the condition of the premises which may be dangerous to him, and which he [the possessor] may reasonably be expected to discover."

*Id.* at 717 (*quoting* W. Prosser, *The Law of Torts* 445 (2d ed. 1955)). *See Chrisley v. United States,* 620 F.Supp. 285, 291 (D.S.C. 1985), *aff'd,* 791 F.2d 165 (4th Cir.1986); *Neil v. Byrum,* 288 S.C. 472, 473, 343 S.E.2d 615, 616 (1986). However, the standard of care under South Carolina law is not, as the above language would seem to suggest, one of simple negligence. Rather, a social guest must prove "a greater degree of negligence than ordinary or simple negligence to recover":

This Court determines, from a review of authorities that the requirement of knowledge (or the requirement of discovery in order that knowledge can be realized by the application of ordinary reason and prudence under the circumstances) of the defect or danger supposes liability based upon a greater degree of negligence than ordinary or simple negli-

gence as contemplated and defined by South Carolina Courts. It therefore appears that there is no duty on the possessor or owner unless knowledge is present in him or reasonably available to him.

*Frankel,* 239 F.Supp. at 717. The defendants concede that if only a "simple negligence" standard had been at issue then summary judgment might have been inappropriate, but assert that under the higher standard the plaintiffs failed to meet their attendant greater burden. We reject this assertion.

■ Although we see no error in the district court's finding that the plaintiffs failed to adduce evidence that the defendants knew that the defective carpeting presented an unreasonable risk of danger, the plaintiffs are not compelled to show actual knowledge of a danger in order to recover. Rather, *Frankel* states that a plaintiff can recover if he shows *either* the defendant's actual subjective knowledge *or* "that knowledge can be realized by the application of ordinary reason and prudence under the circumstances.... [T]here is no duty on the possessor or owner unless knowledge is present in him or *reasonably available to him."* *Id.* (emphasis added).

■ Under *Frankel,* therefore, because there is evidence that the defendants knew of the patched condition, they may properly be held liable if knowledge of the dangerousness of that condition could "be realized by the application of ordinary reason and prudence under the circumstances." The owner is subject to liability if knowledge was either "present in him *or reasonably available to him."* The defendants concede that they knew of the defect. Therefore, a triable issue of fact exists as to whether, because of the knowledge of that defect, the defendants should "reasonably [have been] expected to discover" that the defect presented a danger to a guest unaware of the defect's presence. Further, because there is a material question of fact on this issue, there is also, as the district

court recognized, a material question of fact on the issue of whether the defect in the carpeting was obvious or concealed.[3]

Finally, the cases cited by the defendants in which summary judgment was granted are all inapposite because in each of those cases there was no evidence that the defendant knew or should have known of the defect. *See Berry v. Atlantic Coast Line R.R. Co.*, 273 F.2d 572, 582 (4th Cir.), *cert. denied*, 362 U.S. 976, 80 S.Ct. 1060, 4 L.Ed.2d 1011 (1960) (proximity of power lines to crane truck); *Miller v. Perry*, 308 F.Supp. 863, 865 (D.S.C.1970) (pond surrounded by fence); *Amick v. Gooding Amusement Co.*, 248 F.Supp. 782, 787 (D.S.C.1966) ("Flying Cage" at state fair). By contrast, in this case the defendants *did actually know* of the defect, and one of the material questions of fact is therefore whether they *reasonably should have known* or *reasonably should have discovered* that the defect presented a risk of danger. An issue is presented as to this question by Mr. Porter's admission that he knew the carpet was uneven.

### III.

We conclude that under South Carolina law, if one assumes that a particular defect in the premises is latent, then a licensee's proof that the defendants knew of the defect in its relevant particulars raises a triable issue of fact as to whether the defendants reasonably should have known or reasonably should have discovered that the defect presented an unreasonable risk of danger. This is true even in the absence of any evidence that the defendants actually knew of the risk.

Accordingly, the order of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

**3.** Indeed, most of the licensee cases produced by our research deal with the question of patency or latency of the defect, and not with the question of whether the dangerousness of the defect should have been known to the defendants. *See*

*Chrisley v. United States*, 620 F.Supp. 285, 290–93 (D.S.C.1985), *aff'd*, 791 F.2d 165 (4th Cir. 1986); *Neil v. Byrum*, 288 S.C. 472, 473, 343 S.E.2d 615, 616 (1986); *Smiley v. Southern R. Co.*, 184 S.C. 130, 191 S.E. 895 (1937).