Rafael **RODRIGUEZ, et al.**, Plaintiffs,

v.

**CLARK COLOR
LABORATORIES,** Defendant.

Civ. No. 88–1719 (JP).

United States District Court,
D. Puerto Rico.

Feb. 27, 1990.

Benicio Sánchez Rivera, San Juan, P.R., for plaintiffs.

María de L. Lugo Ramírez, Falcón & Fernández, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiffs brought this action pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, seeking one million dollars in damages for defendant's alleged defamation. The alleged act of defamation consisted of the defendant advising the Postal authorities that it had received, through the mail, photographic film for development from plaintiffs, depicting an adult male and an adult female kissing and touching an infant's penis. Plaintiffs were subsequently indicted under the federal law prohibiting child pornography. Plaintiffs were tried and acquitted by a jury. Before the Court is defendant's motion for summary judgment and plaintiffs' opposition thereto.

Defendant contends that plaintiffs have not and cannot, as a matter of applicable Puerto Rico law, prove a cause of action for libel or slander. Alternatively, defendant alleges that the complaint may give rise to an action for malicious prosecution.[1] Defendant further contends that even if we were to consider the complaint as one for malicious prosecution, the complaint also fails to state a claim upon which relief can

---

1. Plaintiffs clearly stated in the record, through their opposition to summary judgment, "that they *never* filed a malicious prosecution action" against the defendant. (Emphasis added). *See* Reply to Defendant's Motion for Summary Judgment at 9. For the reasons indicated below, we agree with plaintiffs' contention, because even if we were to consider their claim as one for malicious prosecution, the same would have to be dismissed as a matter of law.

be granted. In their opposition, plaintiffs do little more than rest on their allegations, and do not establish a genuine issue of material fact which would preclude summary judgment.

## I. PROCEDURAL BACKGROUND

Plaintiffs filed the instant complaint alleging, in essence, that defendant's employee "suggested to the postal authorities that Mr. Rodríguez and Mrs. Romero were engaging in sexually explicit conduct with their minor son and causing the visual depiction of such sex [sic] conduct to be illegally transported in interstate commerce and mailed through the U.S. mails, in other words charged the plaintiffs with the commission of crimes," thereby causing plaintiffs' arrest and prosecution. Defendant answered the complaint denying all liability.

Defendant filed a motion for summary judgment alleging that plaintiffs failed to state a cause of action for defamation upon which relief can be granted. Defendant further argued that plaintiff's cause of action for defamation was more akin to a cause of action for malicious prosecution. Defendant alleges that even if we were to treat plaintiff's cause of action as one for malicious prosecution, it also fails to state a cause of action upon which relief could be granted.

In their opposition, plaintiffs allege that summary judgment is inappropriate insofar as they have established a cause of action for defamation, and that there are genuine issues of material facts as to defendant's negligence, thereby precluding summary judgment.

We now proceed to review the entire record in the light most favorable to the plaintiffs.

## II. FACTUAL BACKGROUND

1. District Photo Inc., doing business as Clark Color Laboratories ("Clark"), is a corporation engaged in the business of developing color film and printing photographs. Clark's principal place of business is in Beltsville, Maryland. Defendant's Answer, ¶ 1; Northrop Affidavit at 2.

2. Plaintiffs, Rafael Rodríguez and his wife Evelyn Romero Miranda, and their minor son are citizens of Puerto Rico. Evelyn Romero mailed two rolls of 110 millimeter film, each containing twenty-four exposures, to Clark's address in Tampa, Florida. Plaintiff Romero placed the customer order for the developing of the film, from plaintiffs' address in Lares, Puerto Rico. At the time of plaintiffs' mailing, Rodríguez worked for the United States Post Office as Postmaster in Utuado, Puerto Rico. Blancato Affidavit; Baraga Affidavit; Northrop Affidavit at 2; Plaintiffs' Motion to Amend Complaint at 4.

3. Clark developed the rolls of film mailed by plaintiff Evelyn Romero at Clark's laboratory located in Beltsville, Maryland. Baraga Affidavit; Initial Scheduling Conference Order dated July 24, 1989, at 1–2.

4. Some of the photographs developed by Clark depict touching of a baby's penis as well as oral-genital contact between an adult male and said infant. *See* Defendant's Motion for Summary Judgment Exhibit 6. (The photographs are part of the record in this case, and are an undisputed fact.)

5. On April 1, 1987, Louis Blancato, Clark's Plant Security Officer, placed a telephone call to United States Postal Inspector Robert Northrop, who was stationed at the time in Washington, D.C. Blancato placed the phone call to advise Northrop of the film before taking any action to return the pictures by mail. The purpose of this call was to inform the United States Postal Service that Clark believed that if it sent the photographs back to the plaintiffs through the United States Mail, it may have violated Maryland as well as Federal law regarding child pornography. Blancato Affidavit; Northrop Affidavit at 2.

6. On April 3, 1987, Northrop picked up and reviewed the photographs given to him by Blancato in Beltsville, Maryland. After reviewing the photographs, Northrop took them in his possession and made arrangements for their final delivery by mailing

them to U.S. Postal Inspector Fred Baraga in San Juan, Puerto Rico. On April 3, 1987, Northrop advised Baraga that he had in his possession such photographs. Northrop Affidavit at 2–3; Baraga Affidavit.

7. On April 9, 1987, Inspector Baraga received the photographs and their negatives via certified and registered mail. After conducting an investigation, Baraga was able to identify that the adult male and female as well as the infant appearing in the photographs, were the plaintiffs and their minor son. Baraga Affidavit.

8. The photographs and the evidence of the mailing were presented to then Assistant United States Attorney ("AUSA") Jorge Arroyo in San Juan, Puerto Rico. After Arroyo evaluated the photographs, he determined, in his own professional opinion, that some of them depicted activity which "clearly fell within the purview" of "sexually explicit conduct" as stated in 18 United States Code §§ 2251, 2252.[2] On April 30, 1987, after evaluating all the evidence, Arroyo presented the photographs as well Baraga's testimony to a Grand Jury for its consideration. Baraga Affidavit; Arroyo Affidavit at 1–2.

9. On April 30, 1987, a Grand Jury returned a three count indictment against plaintiffs Rafael Rodríguez and Evelyn Romero Miranda. The indictment alleged violations of Title 18 United States Code §§ 2251(a), 2251(b) and 2252(a)(1). Arroyo Affidavit at 2.

10. The decision to prosecute the plaintiffs was made exclusively by the U.S. Postal authorities and AUSA Arroyo without intervention by Clark, its employees or agents. Baraga Affidavit; Arroyo Affidavit at 2.

11. Once the government rested, defendants moved for acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The presiding Court denied the motion, and ruled that the government had presented sufficient evidence to support findings of guilt against the defendants on all counts of the indictment. Ultimately, both defendants (plaintiffs herein) were acquitted by a jury. Arroyo Affidavit at 3.

## III. DISCUSSION

The Supreme Court of the United States in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2252–2253, 91 L.Ed.2d 265 (1986), elaborating on the standards for the granting of summary judgments has held that:

... the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

---

2. At the time of plaintiffs' indictment, 18 U.S.C. § 2251 provided in relevant part:

**Sexual exploitation of children**

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished ... if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

(b) Any parent ... who knowingly permits such minor to engage in ... sexually explicit conduct for the purpose of producing any visual depiction of such conduct shall be punished ... if such parent ... knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

18 U.S.C. § 2252 provided in relevant part:

**Certain activities relating to the material involving the sexual exploitation of minors**

(a) Any person who—

(1) knowingly transports or ships in interstate or foreign commerce or mails any visual depiction, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(B) such visual depiction is of such conduct; or

(2) knowingly receives, or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce or mailed or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. . . .

To survive Clark's motion for summary judgment, plaintiffs must establish that there is a genuine issue of material fact requiring a trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *see* Fed.R.Civ.P. 56(c). We note from the outset that plaintiffs failed to include a statement of contested issues of material fact with their opposition to defendant's motion for summary judgment, as required by Local Rule 311.12. Therefore, the Court shall consider defendant's statement of material facts to be uncontroverted and admitted by plaintiffs. *Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613, 615 (1st Cir. 1988).[3]

The purpose of summary judgment is not to explore all the factual consequences of the case, but to ascertain whether such exploration is necessary. *Briggs v. Kerrigan*, 431 F.2d 967, 968 (1st Cir.1970). Therefore, the party opposing the summary judgment "may not rest upon mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Over The Road Drivers, Inc. v. Transport Ins. Co.*, 637 F.2d 816, 818–19 (1st Cir.1980).

Although this Court is cognizant that it may not weigh the evidence or make determinations as to credibility in granting summary judgment, this Court may end this suit before trial if it determines that, taking the facts and reasonable inferences

therefrom in the light most favorable to the plaintiffs, no reasonable juror could find for them. *Taylor v. Gallagher*, 737 F.2d 134, 137 (1st Cir.1984).

After reviewing the record in this case in the light most favorable to the plaintiffs, we find that plaintiffs will be unable to meet their burden at trial of establishing those elements which are essential to sustain their cause of action for defamation. Therefore, summary judgment is appropriate in this case. *Santiago v. Group Brasil Inc.*, 830 F.2d 413, 416 (1st Cir.1987); *Potterton v. Porter*, 810 F.2d 333, 334 (1st Cir.1987) (the threshold inquiry for the trial court is to determine whether there is a need for trial).

## A. LIBEL AND SLANDER

Plaintiffs claim that they have a cause of action for damages for defamation, libel and slander under the Libel and Slander Statute of 1902, 32 L.P.R.A. §§ 3141–3149 and under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. Plaintiffs claim that the imputation of criminal activity constitutes libel.

Libel is defined by Section 3142 as "the malicious defamation of a person made public by writing, printing, sign, picture . . . tending to subject him to public hatred or contempt, to deprive him of the benefit of public confidence and social intercourse, or to injure him in his business, or in any other way to throw discredit, contempt or dishonor upon him. . . ."

Slander is defined by Section 3143 as "a false and unprivileged publication other than libel, which imputes to any person the commission of a crime, or tends directly to injure him in respect to his office, profession, trade or business, or which by natural consequences causes actual damages."

Although defendant argues in its motion for summary judgment that plaintiffs claim should be considered as one for libel, we

---

**3.** Local Rule 311.12 provides in pertinent part: All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by the specific reference to the record.

shall review the record in the light most favorable to plaintiffs, and determine whether relief can be granted for either slander or libel.

In general terms, libel refers to written communication, whereas slander is applied to oral defamation. *Vargas v. Royal Bank of Canada*, 604 F.Supp. 1036, 1042 (D.P.R. 1985). However, both libel and slander constitute defamation, or the infringement in the interest of reputation by means of a communication " 'which tends to hold the plaintiff up to hatred, contempt or ridicule, or to cause him to be shunned or avoided.' " *Vargas*, 604 F.Supp. at 1042 (citing, W.L. Prosser, *Handbook of the Law of Torts* § 111 (1971)). Slander, on the other hand deals with an oral expression which injures a person's reputation. *Id.*

In addition to proving injury to reputation, plaintiffs in a libel action must also establish that the defamatory information was read by a third party. In a slander claim, plaintiffs must show that the defamatory statement was heard by a third party. *Id.* This element of communication is given the technical name of "publication," but the term does not mean that it must be printed or written. The publication requirement is necessary because "the interest protected is that of reputation ... [so] that the defamation [must] be communicated to someone other than the person defamed." *Id.*, (citing W.L. Prosser § 111).

As Clark's employee, Blancato called Postal Inspector Northrop stating that Clark had developed photographs which he believed may have violated laws relating to child pornography. Northrop examined the photographs, took them with him and referred the matter to Postal Inspector Baraga here in San Juan, who in turn contacted AUSA Arroyo. Accordingly, plaintiffs have established the element of publication to a third party.

However, defendant contends that even if we were to assume *arguendo* that it charged plaintiffs with the commission of a crime (violation of child pornography laws), it is not liable as a matter of law because it is entitled to the qualified privilege defense. *See* 32 L.P.R.A. § 3144(3).

## 1. PRIVILEGED COMMUNICATIONS TO PUBLIC OFFICIALS

The law recognizes two types of privileges in defamation cases which are known as absolute privileges or immunities and conditional or qualified privileges. A qualified privilege seeks to protect the circumstances in which the alleged defamatory statement is made. *Vargas*, 604 F.Supp. at 1043. "They are based upon a public policy that recognizes that true information be given whenever it is reasonably necessary for the protection of the actor's own interests or a third person or certain interests of the public." 3 Restatement (Second) of Torts § 584 (1977).

The provisions of 32 L.P.R.A. § 3144(3) are controlling in the instant case. Section 3144 provides in relevant part:

A publication or communication shall not be held or deemed malicious when made in any legislative or judicial proceedings or in any other proceeding authorized by law. *A publication or communication shall not be presumed to be malicious when made:*

\*    \*    \*    \*    \*    \*

Third. To a Commonwealth official upon probable cause with the intention of serving the public interest or of securing the redress of a private wrong. (Emphasis added.)

The Puerto Rico Supreme Court has held that when an alleged defamatory statement is made by a citizen who reasonably suspects that a crime has been or is about to be perpetrated, the citizen has the privilege, for his protection and that of society, to communicate the statement to the appropriate authorities or to another party whom he believes (in good faith) could take corrective action. *Cortés Portalatín v. Hau Colón*, 103 D.P.R. 734, 739, 3 T.P.R. 1021, 1025 (1975) (following *Quiñones v. J.T. Silva Banking*, 16 P.R.R. 661 (1910). *See also* W.L. Prosser § 111; *New York and Porto Rico S.S. Co. v. García*, 16 F.2d 734 (1st Cir.1926). Moreover, even if the communication may be false, the privilege exists. *Cortés Portalatín*, 103 D.P.R. at 739.

This qualified privilege awarded to a law-abiding citizen disappears when the communication is made to someone who cannot reasonably be believed to be capable of protecting the citizen's or community's interest; or if the acting party gives excessive publicity to the matter; or if such party is moved by improper reasons. *Id.* Furthermore, the fact that other people may incidentally hear or read a communication made in a reasonable manner does not void the privilege. *Id.*

■ In this case, plaintiffs have failed to demonstrate that Clark's communication was made to someone other than the proper authorities—U.S. Postal Service. No allegation was made that Clark gave excessive publicity to the photographs involved in this case. Moreover, Clark did not act improperly when it contacted the postal authorities. Clark was merely avoiding possible federal and state criminal prosecution against it. In addition, the defendant called to inform the U.S. Post Office authorities of the photographs because federal as well as Maryland law forbids the mailing of such sexually explicit materials. Clark had probable cause to act the way it did in inquiring whether its mailing of such photographs was a violation of law. Clark's intent was not to accuse or instigate a criminal action, but rather to obtain an opinion from the proper authorities as to how to proceed with the photographs. The fact that the plaintiffs were acquitted by a jury does not thwart the reasonableness of defendant's action.

Defendant's main concern was whether it would have violated the law if it had mailed the photographs back to the plaintiffs. The United States Postal System considered such materials to be pornographic in nature, and as a result, the photographs were not mailed back to plaintiffs.

As a matter of law, Clark is entitled to this qualified privilege; otherwise, a citizen's incentive to report crime to the proper authorities would be severely diminished if not eliminated altogether. If citizens were to inform the proper public authorities of the possible commission of crimes under the continuous threat of liability for defamation or other damages, the fight against crime would be grievously affected. *Cortés Portalatín,* 103 D.P.R. at 739–40. *See Rosado v. Rosado,* 51 P.R.R. 113 (1937).

## B. MALICIOUS PROSECUTION

As previously mentioned, plaintiffs clearly stated in the record, in their opposition to summary judgment, "that they never filed a malicious prosecution action" against the defendant. We agree.

■ In order for plaintiffs to successfully maintain an action for malicious prosecution under Puerto Rico law they must prove all of the following elements: (1) the criminal action was initiated and instigated by defendant; (2) the criminal action terminated in favor of plaintiffs; (3) defendants acted with malice; (4) defendants acted without probable cause; and (5) as a consequence plaintiffs suffered damages. *Vince v. Posadas de Puerto Rico, S.A.,* 683 F.Supp. 312, 315 (D.P.R.1988); *Raldiris v. Levitt & Sons of P.R., Inc.,* 103 D.P.R. 778 (1975); *Parés v. Ruiz,* 19 P.R.R. 323 (1913). *See also, Ayala v. San Juan Racing Corp.,* 112 D.P.R. 804, 810 (1982).

Both the United States Postal authorities as well as the Assistant United States Attorney found that the photographs depicted sexual conduct which fell within the purview of "sexually explicit conduct" of Title 18 U.S.C. §§ 2251, 2252. Moreover, on April 30, 1987, a Grand Jury found probable cause when it issued a three count Indictment against plaintiffs. Therefore, the defendant did not act without probable cause, and plaintiffs' action under malicious prosecution is barred. *Cf. Palhava De Varella–Cid v. Boston Five Cents Savings Bank,* 787 F.2d 676 (1st Cir.1986) (dismissing malicious prosecution claims because probable cause was found under applicable Massachusetts law).

Furthermore, the criminal action was not initiated or instigated by defendant. The defendant did not ask for the filing of an indictment; it merely inquired as to the legality of the mailing of the photographs back to plaintiffs in order to proceed in

accordance with law. It was the United States Post Office and the United States District Attorney, of their own initiatives, who started the criminal proceedings. The defendant's inquiry was not directed toward the prosecution of plaintiffs and was not malicious.

## IV. CONCLUSION

Under the uncontested facts of this case, a juror can only reach but one conclusion, i.e., that defendant acted reasonably and prudently in calling the postal authorities to investigate the possible violation of federal child pornography laws. Therefore, we conclude that the defendant is entitled to summary judgment as a matter of law because no reasonable person could find for the plaintiffs in this case.

Wherefore, in view of the aforestated reasons, the defendant's motion for summary judgment is GRANTED, and the complaint is hereby DISMISSED with prejudice.

Judgment shall be entered accordingly.

IT IS SO ORDERED.