THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John Doe, individually, and as Guardian for his minor child, James Doe 
 and Jason Doe, individually and on behalf of all others similarly situated,       
Appellants,
 
 
 

v.

 
 
 
Merle Batson,       
Respondent.
 
 
 

Appeal From Pickens County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2004-UP-335
Submitted April 6, 2004  Filed May 
 17, 2004

AFFIRMED

 
 
 
Gregg E. Meyers, of Charleston and J. David Flowers, of Greenville, 
 for Appellants.  
Edward R. Cole, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  John Doe, individually, and 
 as guardian for his minor sons, James and Jason Doe (the Does), and on behalf 
 of all others similarly situated, brought this action against Merle Batson alleging 
 she breached her duty to warn the Does of her sons deviancy after several boys, 
 including James and Jason, reported that Batsons son molested them in Batsons 
 house. [1]   The circuit court 
 granted Batsons motion for summary judgment.  The Does appeal.  We affirm. 
 [2] 
FACTS
Batsons son served as a youth minister 
 at the church James and Jason attended with their family.  He befriended a number 
 of teenage boys in the congregation and spent time with them outside of church-related 
 activities.  Eventually, he invited some of the boys, including James and Jason, 
 to visit and spend the night with him in his bedroom located in the basement 
 of Batsons house.  It was during these visits that Batsons son molested James 
 and Jason.  
The Does concede that Batson had no actual knowledge 
 of her sons sexual deviancy until the charges became publicly known.  James 
 and Jason both testified their interaction with Batson was limited to some breakfasts 
 following overnight visits in her home.  Both boys testified they did not believe 
 she was suspicious of any sexual activity between them and her son.  Jason testified 
 he and Batsons son sneaked into Batsons sons bedroom through an adjacent 
 storage room in the basement.  In another instance, Jason admitted to hiding 
 from Batson in her sons bedroom and stated he did not believe she knew he was 
 in her house.  Eventually, the boys admitted the clandestine activities to their 
 parents.  
The Does brought this premises liability 
 action alleging Batson either expressly knew or should have known of her sons 
 dangerous propensities.  As such, they contend she breached her duty to appropriately 
 warn the Does.  The circuit court granted Batsons motion for summary judgment.  
 On appeal, this court reversed the circuit court and remanded, finding the Does 
 were denied a full and fair opportunity to complete discovery.  Doe v. Batson, 
 338 S.C. 291, 525 S.E.2d 909 (Ct. App. 1999).  The supreme court, after granting 
 certiorari, affirmed our decision to reverse and remand while vacating other 
 portions of the opinion.  Doe ex rel. Doe v. Batson, 345 S.C. 316, 548 
 S.E.2d 854 (2001).  On remand, the circuit court again granted Batsons motion 
 for summary judgment.  The Does appeal.  We affirm.
DISCUSSION
The Does contend the circuit court erred by ruling 
 Batson did not owe a duty of care to warn James or Jason of her sons deviant 
 behavior.  They also assert the court erred in concluding that even if a duty 
 of care existed, they failed to prove Batson breached it as a matter of law.  
 Finally, the Does contend summary judgment was improper because genuine issues 
 of material fact exist.  We disagree.  
When this court reviews the grant of a 
 motion for summary judgment, it applies the same standard of review that governs 
 the circuit court under Rule 56(c), SCRCP.  Summary judgment is proper when, 
 viewing the evidence in the light most favorable to the non-moving party, there 
 is no genuine issue of material fact and the moving party is entitled to judgment 
 as a matter of law.  Baril v. Aiken Regl Med. Ctrs., 352 S.C. 271, 279-80, 
 573 S.E.2d 830, 835 (Ct. App. 2002).  
A landowners duty toward a person depends 
 upon the persons status.  F. Patrick Hubbard & Robert L. Felix, The 
 South Carolina Law of Torts 76 (1990).  The Does conceded James and Jason 
 were licensees for purposes of their premises liability claim against Batson.  
 Accordingly, Batson owed James and Jason a duty to warn of any concealed dangerous 
 conditions or activities known to her, or of any change in the condition of 
 the premises that might have been dangerous to them, and which she may reasonably 
 have been expected to discover.  Neil v. Bynum, 288 S.C. 472, 473, 343 
 S.E.2d 615, 616 (1986).  
The Does do not allege Batson had direct 
 knowledge that the boys were being molested.  Rather, they attempt to create 
 genuine issues of material fact regarding whether she knew the boys were spending 
 the night with her son on a regular basis by citing instances when Batson saw 
 the boys in or around her home.  The Does note Batson saw the boys with their 
 sleeping bags on one visit and during a few breakfasts following overnight stays. 
  Jason testified that on one occasion Batson gave him a package of pop-tarts.  
 James testified Batson saw him eating breakfast on several occasions.  However, 
 there was no evidence that Batsons son was present during any of these encounters.  
 Batson testified she had seen James and Jason in her house on two occasions 
 and, although she saw them with their sleeping bags, she had no earthly idea 
 what their sleeping arrangements were.  
The Does also claim Batson once saw Jason and her 
 son sitting in her sons car in her driveway at night.  Jason testified that 
 after Batson saw him and her son in the driveway, they drove away, only to return 
 later and sneak into Batsons house through a basement entrance.  These casual 
 encounters suggest only that Batson knew of the boys presence in or around 
 her house.  They do not suggest any unusual activity that would have alerted 
 Batson to any deviant behavior by her son.  
More significantly, both James and Jason testified 
 they did not believe Batson knew about her sons sexual activities with them, 
 and there is evidence suggesting they actively prevented her from discovering 
 them.  The boys sneaked into the sons room through an adjacent storage room 
 in the basement.  Jason admitted hiding from Batson in another instance, and 
 stated he did not believe she knew he was in her house.  
Batson had no duty to warn the boys of a danger 
 of which she was unaware.  Under these facts, we conclude Batson had neither 
 actual nor constructive notice her son posed a danger to James or Jason.  Without 
 notice, she could not have been reasonably expected to discover the deviant 
 activity clandestinely occurring in her sons basement room.  As such, we find 
 no duty was created and no genuine issues of material fact were left in dispute.  
 In light of our determination Batson had no duty to James or Jason, we need 
 not address the Does claim of breach of duty.  
 AFFIRMED.
HUFF and STILWELL, JJ., CURETON, A.J., concur.

 
 
 [1]        The circuit court noted the Does filed but did not pursue 
 a motion to certify this action as a class action.  Further, the Does deposition 
 testimony revealed there were no other participants in the putative class.  
 We agree with the circuit court this is not a class action. In any event, 
 the Does have abandoned their attempt to obtain class certification.  

 
 [2]        We decide this 
 case without oral argument pursuant to Rule 215, SCACR.