**20THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Linda Estrada, George Estrada, Tyrone Ruff, Khalilah Smith, Carletta Williams, and Cristian Reyes, Respondents,

v.

Andrew Marshall and Linda Marshall, Appellants.

Appellate Case No. 2016-001178

———————

Appeal From Richland County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-242
Submitted May 1, 2018 – Filed June 13, 2018

———————

**AFFIRMED**

———————

T. Lowndes Pope and Damon Christian Wlodarczyk, both of Riley Pope & Laney, LLC, of Columbia, for Appellants.

Todd Raymond Ellis, of Law Office of Todd Ellis, P.A., of Irmo, for Respondent Cristian Reyes.

John Calvin Bradley, Jr., Stanley Lamont Myers, Sr., and Ralph Nichols Riley, Jr., all of Moore Taylor Law Firm,

P.A., of West Columbia, for Respondents Carletta Williams, Khalilah Smith, and Tyrone Huff.

Blake A. Hewitt, of Bluestein Thompson Sullivan, LLC, and Gerald Eugene Reardon, of Law Office of Jerry Reardon, both of Columbia, for Respondents Linda Estrada and George Estrada.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27-28, 602 S.E.2d 772, 782 (2004) ("When reviewing the denial of a motion for directed verdict or JNOV, an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* at 28, 602 S.E.2d at 782 ("The appellate court will reverse the trial court only where there is no evidence to support the ruling below."); *Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002) ("In ruling on directed verdict or JNOV motions, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions."); *id.* ("The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt."); *Maybank v. BB&T Corp.*, 416 S.C. 541, 569, 787 S.E.2d 498, 512 (2016) ("In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence."); *Singleton v. Sherer*, 377 S.C. 185, 198, 659 S.E.2d 196, 203 (Ct. App. 2008) ("A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent."); *Neil v. Byrum*, 288 S.C. 472, 473, 343 S.E.2d 615, 616 (1986) ("A social guest is a licensee." (quoting *Frankel v. Kurtz*, 239 F. Supp. 713, 717 (W.D.S.C. 1965))); *Singleton*, 377 S.C. at 201, 659 S.E.2d at 204 ("Under South Carolina jurisprudence, 'a landowner owes a licensee a duty to use reasonable care to discover the licensee, to conduct activities on the land so as not to harm the licensee, and to warn the licensee of any concealed dangerous conditions or activities.'" (quoting *Landry v. Hilton Head Plantation Prop. Owners Ass'n*, 317 S.C. 200, 203, 452 S.E.2d 619, 621 (Ct. App. 1994))); *Neil*, 288 S.C. at 473, 343 S.E.2d at 616 ("The possessor is under no obligation to exercise care to make the premises safe for [the licensee], and is under no duty toward him except . . . [t]o use reasonable care to warn him of any [concealed dangerous conditions] or activities which are known to the possessor, *or of any change in the condition of the premises which may be dangerous to him, and which he may reasonably be expected to discover*." (emphasis added) (quoting *Frankel*, 239 F. Supp. at 717)).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.